IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA    *
                            *
v.                          *       CR 100-066
                            *
ANDREW WEBB                 *

## O R D E R

On May 15, 2008, the Court reduced Andrew Webb's sentence for a second time under Federal Rule of Criminal Procedure 35(b) based upon his substantial assistance. On that same day, by separate Order, the Court denied Webb's pro se motion to reduce sentence under 18 U.S.C. § 3582(c)(2).[1] In the Order denying his § 3582(c)(2) motion, the Court noted that Amendment 706 to the United States Sentencing Guidelines does not affect Webb's guideline range. Stated another way, while his base offense level may have been reduced by two levels, with a criminal history category of VI, his guideline range remains 360 months to life. The Court further noted that Webb has already benefitted substantially from two Rule 35(b)

---

[1] It should be noted that the Court conducted a telephone conference on May 15, 2008, at which time both the Government's attorney and defense counsel, Mr. Chuck Pardue, were heard on all relevant issues and information pertaining to Webb's sentencing, including the existence of Webb's motion to reduce sentence based upon Amendment 706.

motions filed in the case.

On June 11, 2008, this Court received Webb's <u>pro se</u> Notice of Appeal.[2] Webb wishes to appeal this Court's denial of his § 3582(c)(2) motion. The Notice of Appeal was untimely. <u>See</u> Fed. R. App. P. 4(b)(1). The Clerk nevertheless transmitted the Notice of Appeal and docket sheet of the case to the Eleventh Circuit Court of Appeals. On July 2, 2008, the Eleventh Circuit remanded the case for the limited purpose of determining whether the untimely notice of appeal was a result of excusable neglect or good cause under Rule 4(b)(4), Fed. R. App. P, because the Notice of Appeal fell within the additional time permitted for filing a motion for extension of time to appeal. <u>See</u> <u>Sanders v. United States</u>, 113 F.3d 184, 186 (11th Cir. 1997) (noting that the practice of the Eleventh Circuit in criminal cases is to treat a late notice of appeal as a motion for extension of time due to excusable neglect).

In the present case, Webb attached a "Memorandum" from the Federal Bureau of Prisons in which a corrections officer states that he gave Webb the Orders of May 15, 2008, on May 30, 2008. Thus, it appears that Webb did not receive notice of the entry of the May 15, 2008 Order until after the ten-day

---

[2] Webb actually filed a motion for reconsideration or, in the alternative, a notice of appeal. (<u>See</u> Doc. No. 105.) The Federal Rules of Criminal Procedure do not expressly authorize a motion for reconsideration of a district court order in a criminal action.

appeal time had passed. Moreover, according to the Certificate of Service, Webb mailed his Notice of Appeal to the Clerk of Court on June 8, 2008, within ten days of his receipt of the Order from which he appeals.[3]

Based upon this evidence, I find that Webb was prevented, through no fault of his own, from filing a timely Notice of Appeal. Further, I find that Webb attempted to prosecute his appeal in a timely manner by sending the Notice of Appeal within ten (10) days of receiving the Order from which he appeals. Accordingly, I find that the untimely notice of appeal was the result of good cause. Webb is therefore granted an extension of time to appeal, and his Notice of Appeal shall be held timely under the extension of time provision in Rule 4(b)(4). The Clerk shall return the record of the case to the Eleventh Circuit Court of Appeals as supplemented with this Order, as directed by the Court of Appeals in its remand order.

**ORDER ENTERED** at Augusta, Georgia, this ___24th___ day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[3] A <u>pro se</u> prisoner's Notice of Appeal is deemed filed on the date the prisoner delivers it to the prison authorities or places it in the prison mail system. See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).